UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PARALLEL NETWORKS, LLC,
('111) PATENT LITIGATION                                                          MDL No. 2355


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, four defendants[1] seek centralization of this litigation in the Eastern District of Texas. Three District of Delaware defendants[2] support the motion in its entirety, as do seven Eastern District of Texas defendants.[3] Patentholder Parallel Networks, LLC (Parallel) opposes centralization and, alternatively, suggests selection of the Northern District of Texas as the transferee forum. This litigation currently consists of the nine actions, pending in two districts, listed on Schedule A.[1]

---

[*] Judge Kathryn H. Vratil did not participate in the decision of this matter. More than two other Panel members have interests that would normally disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter. Accordingly, the Panel invoked the Rule of Necessity and all Panel members, with the exception of Judge Vratil, participated in the decision of this matter in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.,* 273 F. Supp. 2d 1353 (J.P.M.L. 2003) ; *In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356 (J.P.M.L. 2001).

[1] NCH Corp.; Fossil, Inc.; Jos. A. Bank Clothiers, Inc.; and Brooks Brothers Group, Inc.

[2] Ballard Designs, Inc.; The Territory Ahead, Inc.; and Michael Stars, Inc.

[3] AOL, Inc.; Coldwater Creek, Inc.; Hasbro, Inc.; Jill Acquisition, LLC; Briggs & Stratton Corp.; Briggs & Stratton Power Products Group, LLC; Mapquest, Inc.

[1] Defendants' motion initially included an Eastern District of Texas action (*Walt Disney Parks and Resorts Online*) that has since been dismissed. Additionally, moving defendants included an action that was created after Judge Leonard E. Davis in the Eastern District of Texas severed dozens of defendants for which he granted summary judgment after construing certain claims. *See Parallel Networks, LLC v. Abercrombie & Fitch Co., et al.*, E.D. Texas C.A. No. 6:12-CV-00018 (*Abercrombie II*). Defendants Russell Brands, Inc., and Brooks Sports, Inc., oppose inclusion of the *Abercrombie II* action in any centralized proceedings. Because *Abercrombie II* is currently on appeal to the Federal Circuit, the action is not appropriate for inclusion in any centralized proceedings at this time.

- 2 -

Parallel is a Texas entity that claims ownership by assignment of U.S. Patent No. 6,446,111 (the '111 patent), entitled "Method and Apparatus for Client-Server Communication Using a Limited Capability Client over a Low-Speed Communications Link." The '111 patent is generally directed at systems and methods in which a server generates an executable applet dynamically containing two constituent systems in response to a request from a client device and transfers the applet to the client device. The actions now before the Panel all involve the alleged infringement of the '111 patent.

Parallel opposes centralization primarily because there are effectively only two actions involved in this litigation (the Eastern District of Texas actions have been consolidated in a single action) and, given the disparity in the progress of the actions, voluntary cooperative efforts among counsel are preferable to formal centralization. We respectfully disagree. Though the number of actions and districts involved in this litigation is indeed low, the litigation involves over 30 defendants. The Eastern District of Texas actions have progressed somewhat further than the Delaware action, but additional pretrial rulings (including claims construction rulings on other disputed terms) will be necessary to resolve Parallel's claims against the over 20 defendants for whom summary judgment was denied. While we applaud and encourage any cooperative efforts undertaken by parties to this litigation, centralization under Section 1407 allows us to assign these actions to a single judge, who has already gained familiarity with the parties and the patent, who can ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of all parties and the courts. *See In re Brimonidine Patent Litig.*, 507 F.Supp.2d 1381, 1382 (J.P.M.L. 2007).

Thus, on the basis of the papers filed and hearing session held, we find that these nine actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve factual questions surrounding the alleged infringement, validity and enforceability of Parallel's '111 patent. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

We are of the view that the Eastern District of Texas is the most appropriate transferee district for pretrial proceedings in this litigation. Parallel's office was based here when it began litigating the current actions (though, since October 2011, it is based in an adjacent district). All defendants in pending actions responding to the motion for centralization support selecting this district as the transferee district. Importantly, Judge Leonard E. Davis is unquestionably the jurist most familiar with the merits of this litigation and the involved patent by virtue of his presiding over a streamlined "mini-*Markman*" hearing that construed three claim terms that led to his granting summary judgment in favor of nearly 100 defendants. Judge Davis is experienced in multidistrict litigation, as well as patent litigation, and we are confident that he will steer this matter on a prudent course.

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Eastern District of Texas is transferred to the Eastern District of Texas and, with the consent of that court, assigned to the Honorable Leonard E. Davis for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.        Barbara S. Jones
Paul J. Barbadoro              Marjorie O. Rendell
Charles R. Breyer

**IN RE: PARALLEL NETWORKS, LLC,**
**('111) PATENT LITIGATION**                                      MDL No. 2355

## SCHEDULE A

<u>District of Delaware</u>

Parallel Networks, LLC v. Backstage Web Inc., et al., C.A. No. 1:11-00822

<u>Eastern District of Texas</u>

Parallel Networks, LLC v. Abercrombie & Fitch, Co., et al., C.A. No. 6:10-00111
Parallel Networks, LLC v. Bentley Motors Inc., et al., C.A. No. 6:10-00112
Parallel Networks, LLC v. AEO, Inc., C.A. No. 6:10-00275
Parallel Networks, LLC v. Oriental Trading Company, Inc., C.A. No. 6:10-00474
Parallel Networks, LLC v. Adidas America, Inc., et al., C.A. No. 6:10-00491
Parallel Networks, LLC v. Blockbuster, Inc., C.A. No. 6:10-00506
Parallel Networks, LLC v. Borders Group, Inc., C.A. No. 6:11-00098
Parallel Networks, LLC v. Women's Apparel Group, LLC d/b/a Boston Apparel Group, LLC, C.A. No. 6:11-00422